IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

GILBERT PROSECUTOR'S OFFICE, *Petitioner*,

*v.*

THE HONORABLE GEORGE FOSTER JR., Judge of the SUPERIOR
COURT OF THE STATE OF ARIZONA, in and for the County of
MARICOPA; THE HONORABLE JOHN HUDSON, Judge of the
GILBERT MUNICIPAL COURT, in and for the County of MARICOPA;
*Respondent Judges,*

CHARLES P. BEATTY, *Real Party in Interest.*

No. 1 CA-SA 18-0074
FILED 6-7-2018

Appeal from the Superior Court in Maricopa County
No.  LC2018-000122-001 DT
The Honorable George H. Foster, Judge;
Gilbert/Queen Creek Municipal Court
No.  2018-CT-2864
The Honorable John E. Hudson, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

COUNSEL

Town of Gilbert Prosecutor's Office, Gilbert
By Zachary Altman
*Counsel for Petitioner*

Kenneth S. Countryman, P.C., Tempe
By Kenneth S. Countryman
*Counsel for Real Party in Interest*

---

## OPINION

Judge James B. Morse Jr. delivered the opinion of the Court, in which Presiding Judge Randall M. Howe and Judge Kenton D. Jones joined.

---

**M O R S E**, Judge:

¶1   In this special action, Petitioner Gilbert Prosecutor's Office asks us to reverse the decision of the Presiding Gilbert Municipal Court Judge to hold an evidentiary hearing to consider whether a notice of change of judge as a matter of right pursuant to Arizona Rule of Criminal Procedure 10.2[1] was filed for an improper purpose. For the reasons set forth below, we conclude that when a party timely files a notice of change of judge as a matter of right under Rule 10.2(b), a court cannot inquire beyond the required avowals into the reasons for the notice. Accordingly, we accept special action jurisdiction, reverse the superior court, vacate the evidentiary hearing, and remand to the Gilbert Municipal Court to reassign this case to a new judge.

## PROCEDURAL BACKGROUND

¶2   A Gilbert prosecutor filed a timely notice of change of judge as a matter of right in the Gilbert Municipal Court pursuant to Rule 10.2. The notice included the avowals required by Rule 10.2(b), but counsel for the defendant objected, claimed that the notice was for an improper purpose under Rule 10.2(b)(2), and requested a hearing. The originally-assigned judge transferred the case to the presiding judge for a notice of change of judge hearing. The prosecutor objected to a hearing and argued that the notice should be automatically granted. Counsel for the defendant argued that a hearing was proper to determine whether the notice was for an improper purpose and requested discovery about the prosecutor's history of notices. The presiding judge reviewed the parties' filings and set the matter for an "evidentiary hearing" on the notice of change of judge.

---

[1]  Except where a prior year is noted in parentheticals, *e.g.*, "(2000)," we cite to the current version of the rule.

**¶3** Petitioner then sought special action review in the superior court and requested a stay of the evidentiary hearing. The prosecutor again argued that it was improper for the presiding judge to hold an evidentiary hearing to determine whether the notice of change of judge as a matter of right was filed for an improper purpose. The superior court accepted jurisdiction but denied relief. The superior court reasoned that an evidentiary hearing was appropriate because the defendant had objected on the ground that the notice was made for an improper purpose under Rule 10.2(b), and the rule "contemplates that the presiding judge should make a determination on the matters of a claim under Rule 10.2 that a notice was improper."

**¶4** Petitioner then sought special action review in this court.

## JURISDICTION

**¶5** Special action jurisdiction is appropriate when a party lacks "an equally plain, speedy, and adequate remedy by appeal," Ariz. R.P. Spec. Act. 1(a), and "the case presents an issue of statewide importance and first impression," *Hamblen v. Hatch*, 242 Ariz. 483, 486, ¶ 12 (2017). This case presents issues of statewide importance and petitioner does not have an adequate remedy by appeal. *See State v. Ingram*, 239 Ariz. 228, 232, ¶ 16 (App. 2016) (noting that "a challenge to the denial of a notice of peremptory change of judge filed pursuant to Rule 10.2 must be brought by special action"); *see also State v. Kalauli*, 243 Ariz. 521, ___, ¶¶ 4-5 (App. 2018) (noting that while appellate jurisdiction may be unclear for a challenge of the denial of a lower-court special action, this court may exercise special action jurisdiction in such cases). Accordingly, we accept special action jurisdiction.

## DISCUSSION

**¶6** Petitioner argues that a court may not hold a hearing to inquire into a party's reasons for requesting a change of judge as a matter of right under Rule 10.2(a)(1). The defendant responds that a court may inquire whether the assigned prosecutor is abusing the rule when defendant objects to the change of judge. For the following reasons, we agree with Petitioner, vacate the order setting an evidentiary hearing, and remand for reassignment to a new judge.

**¶7** "Each side in a criminal case is entitled to one change of judge as a matter of right." Ariz. R. Crim. P. 10.2(a)(1). Historically, the procedure under Rule 10.2 was "summary and automatic." *State v. City Court of Tucson*, 150 Ariz. 99, 102 (1986). Before 2001, a party to a criminal case could invoke

that procedure simply by filing a "'Notice of Change of Judge' signed by counsel, if any, stating the name of the judge to be changed." Ariz. R. Crim. P. 10.2(b) (2000).

¶8        However, in 2001, the Arizona Supreme Court promulgated "experimental" amendments to Rule 10.2. The amendments were intended to address "abuse of this rule" and "ensure a party's right to have a matter heard before a fair and impartial judge without the necessity of divulging details that could cause needless embarrassment and antagonism or showing actual bias which may be difficult to prove." Court Comment to Experimental 2001 Amendments to Ariz. R. Crim. P. 10.2. These amendments added the following requirement for a Notice of Change of Judge:

> The notice shall also include an avowal that the request is made in good faith and not:
>
> 1. For the purpose of delay;
>
> 2. To obtain a severance;
>
> 3. To interfere with the reasonable case management practices of a judge;
>
> 4. To remove a judge for reasons of race, gender or religious affiliation;
>
> 5. For the purpose of using the rule against a particular judge in a blanket fashion by a prosecuting agency, defender group or law firm ([*City Court of Tucson*, 150 Ariz. 99]);
>
> 6. To obtain a more convenient geographical location; or
>
> 7. To obtain advantage or avoid disadvantage in connection with a plea bargain or at sentencing, except as permitted under Rule 17.4(g).
>
> The avowal shall be made in the attorney's capacity as an officer of the court.

4

Ariz. R. Crim. P. 10.2(b) (effective July 1, 2001 to June 30, 2002). The pertinent provisions of the rule have been restyled, but remain the same in all material respects today. *See* Ariz. R. Crim. P. 10.2(a)(1) and (b)(1).[2]

**¶9** The question presented here is whether the 2001 and subsequent changes to Rule 10.2 altered the pre-existing "summary and automatic" nature of a notice of change of judge as a matter of right to allow a court to inquire beyond the required avowals into whether a notice is filed for a proper purpose. For the reasons that follow, the answer is no; the "summary and automatic" nature of the rule is explicit and continues.

**¶10** First, the text of the rule as it has existed since 2001 provides no authority for a court to inquire into the reason for a notice of change of judge. Instead, the rule provides that if a notice is timely filed and contains the required avowals, "the judge should proceed no further in the action" and "the presiding judge must immediately reassign the action to another judge." Ariz. R. Crim. P. 10.2(b)(3) and 10.2(d)(2). Allowing either the original judge or the presiding judge to do anything other than "immediately" reassign the case is inconsistent with the rule's plain language.

**¶11** Second, in *Bergeron ex rel. Perez v. O'Neil*, 205 Ariz. 640, 647-48, ¶ 21 (App. 2003), the court examined the "experimental" amendments to Rule 10.2 and found that the trial court's inherent authority does not include determining the propriety of reasons for a Rule 10.2 notice. As discussed in *Bergeron*, the Arizona Supreme Court carefully crafted Rule 10.2 to avoid judicial involvement in notices, leaving potential sanctions for professional misconduct as the safeguard against misuse. *See id.* (noting "that the supreme court received the benefit of extensive debate and thereafter so carefully set forth the remedies for potential abuse of the rule . . ."). Thus, a "lawyer who files a notice of change of judge in any of the circumstances enumerated in § 10.2(b) has abused the rule and may face discipline for violating the lawyer's professional responsibilities . . . ." Court Comment to Experimental 2001 Amendments to Ariz. R. Crim. P. 10.2.

**¶12** None of the changes to Rule 10.2 promulgated after *Bergeron* suggest a different result. In enacting the 2004 Amendments to Rule 10.2, the Arizona Supreme Court commented that the changes were intended to preserve the historical benefits of the peremptory change of judge as a

---

[2] The "experimental" amendment was extended four times through September 30, 2004, then amended and adopted in final form effective October 1, 2004. Rule 10.2 was further amended effective in 2011 and 2018.

matter of right and keep courts out of evaluating the propriety of Rule 10.2 notices:

> Arizona's rule permitting peremptory change of judge has historically been viewed as "salutary" on the grounds that "it is not necessary to embarrass the judge by setting forth in detail the facts of bias, prejudice or interests . . . nor is it necessary for judge, litigant and attorney to involve themselves in an imbroglio which might result in everlasting bitterness on the part of the judge and the lawyer."

Court Comment to the 2004 Amendments to Ariz. R. Crim. P. 10.2 (quoting *Anonymous v. Superior Court*, 14 Ariz. App. 502, 504 (1971)).

**¶13** Our supreme court specified the intended interaction between Rule 10.2 and the "amendments to ER 8.4, Rule 42, Rules of the Supreme Court . . . to address abuse of Rule 10.2 while preserving the traditional benefits of the right to peremptory change of judge." *Id*. The corresponding amendments to the Arizona Rules of Professional Conduct provide that "fil[ing] a notice of change of judge under Rule 10.2, Arizona Rules of Criminal Procedure, for an improper purpose, such as obtaining a trial delay or other circumstances enumerated in Rule 10.2(b)" is "professional misconduct." Ariz. R. Sup. Ct. 42, ER 8.4(g). As with the Rules of Criminal Procedure, the amendment to ER 8.4 was promulgated "to address abuse of Rule 10.2 while preserving the traditional benefits of the right to peremptory change of judge." Court Comment to 2004 Amendment to ER 8.4.

**¶14** Thus, if a party or a judge has reason to believe that the rule is being abused, the remedy is to report the abuse to the State Bar. *Bergeron*, 205 Ariz. at 651-52, ¶35.[3] Requiring a party to appear at an evidentiary hearing and explain why she filed the notice eliminates the traditional benefits of the peremptory change of judge, is not expressly or implicitly contemplated by Rule 10.2, and violates the imperative of Rule 10.2(d)(2). Accordingly, upon receipt of a timely and complete notice of change of

---

[3] Additionally, in response to a petition by a presiding judge under Arizona Rule of the Supreme Court 28, the Arizona Supreme Court has suspended application of Rule 10.2 as to a prosecutor's office "on grounds of abuse" of the rule. *See* Arizona Supreme Court Administrative Order No. 98-30 (June 26, 1998): http://www.azcourts.gov/portals/22/admorder/orders99/pdf98/9830.pdf

judge of right, "the presiding judge must immediately reassign the action to another judge." Ariz. R. Crim. P. 10.2(d)(2).

## CONCLUSION

**¶15** For the foregoing reasons, we accept special action jurisdiction, reverse the decision of the superior court, vacate the hearing set by the presiding judge, and remand with instructions to immediately reassign the case to another judge.



AMY M. WOOD • Clerk of the Court
FILED: AA